JEFFREY B. VALLE (Bar No. 110060)
  jvalle@vallemakoff.com
DAVID S. SHUKAN (Bar No. 143683)
  dshukan@vallemakoff.com
ILAN WISNIA (Bar No. 249137)
  iwisnia@vallemakoff.com
VALLE MAKOFF LLP
11777 San Vicente Blvd., Suite 890
Los Angeles, California 90049
Telephone: (310) 476-0300
Facsimile: (310) 476-0333

Attorneys for Plaintiff
ClipBandits, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CLIPBANDITS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>K & SODA, LLC d/b/a 818 SPIRITS,<br><br>Defendant. | Case No. _____<br><br>COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION, STATE COMMON LAW TRADEMARK INFRINGEMENT, STATE STATUTORY UNFAIR COMPETITION, AND STATE COMMON LAW UNFAIR COMPETITION, INCLUDING INJUNCTIVE RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

NATURE OF THE ACTION

1.  The Kardashian-Jenner family strikes again. This time Kendall Jenner has associated herself with a new tequila brand, *818 Tequila*, that intentionally copies Plaintiff's tequila brand, *Tequila 512*. The similarities are so striking that this cannot be the result of a coincidence:



2.  Plaintiff ClipBandits, LLC ("Plaintiff") brings this action against the owner of *818 Tequila*, defendant K & Soda, LLC dba 818 Spirits ("Defendant") for trademark infringement, false designation of origin, and unfair competition. Plaintiff sells a popular tequila in the United States under the brand name 512, using a highly distinctive logo and color scheme that has been in place since 2015. The 512 brand is one of the fastest-growing tequila brands in the world and has been highly lauded

for producing high-quality, premium tequila, including winning the coveted "Double Gold" and "Best in Show" awards at the San Francisco World Spirits Competition. The 512 brand is hugely successful, valuable and is popular among tequila drinkers. Plaintiff has a federal trademark registration in its 512 brand, and has a pending application for registration of its trade dress that includes the distinctive and immediately recognizable 512 mark in black lettering inside a vertical yellow rectangle. Plaintiff's tequila, and its 512 brand and associated trade dress, are a tremendous success story in every sense.

3. In 2021 Defendant launched a competing tequila. But instead of creating its own branding, and without Plaintiff's knowledge or consent, Defendant simply and blatantly copied the branding of Plaintiff's 512 tequila. In particular, out of the entire world of naming options open to it, Defendant chose a 3-digit brand name with a central 1 that, like Plaintiff's 512, is a prominent area code. And out of the entire world of colors and shapes to use for product design, Defendant chose to copy Plaintiff's distinctive black lettering inside a vertical yellow rectangle that has acquired so much goodwill over the years. That is, rather than trying to compete on their own merits, Defendant simply used Plaintiff's marks with immaterial tweaks, hoping to grab Plaintiff's customers as a ready-made customer base by deceiving them into falsely believing that Defendant's 818 tequila is another product sold by Plaintiff or has some other affiliation with it Plaintiff's 512 tequila. Comparing the two products, customers would easily believe, incorrectly, that the products are related. Indeed, looking at Defendant's product, which came along many years after Plaintiff's highly successful product, it is difficult to conclude anything other than that Defendant's copying of Plaintiff's distinctive trademarks was completely intentional.

4. Defendant's infringement, unlawful and destructive in itself, is all the more troublesome here because of the wrath Defendant has dawn upon itself in the

industry and within the tequila-drinking community. In particular, notorious celebrity Kendall Jenner (of Kardashian family infamy) is a spokesperson for Defendant's 818 brand, and in connection with its launch Jenner and the 818 brand were widely accused of cultural misappropriation of the Mexican tequila heritage for trying to "seem" to have Mexican roots and respect while getting things substantially wrong. For example, according to a 2021 article from InStyle magazine entitled *Kendall Jenner's Tequila Brand Actually Is Problematic*: "Celebrity brands are pillaging Mexico's agave to make subpar products — she's just the most visible one" and "A Diet Prada post about the launch called attention to concerns Mexican and Latinx people have about Jenner's product, including charges of cultural appropriation, and fears that workers who harvest agave and make the tequila might be exploited. There is also some concern that a celebrity tequila trend is causing real harm to the agave-producing region of Mexico." The article goes on to discuss other conspicuous gaffes from Defendant, including mistakes of Spanish grammar that scream inauthenticity.

5. Defendant also charges substantially more for its products, which are more cheaply distilled only two times, rather than the three times that Plaintiff's products are. Consumer ill will generated by the higher price and curtailed distilling process will be targeted at Plaintiff due to confusion between the products.

6. Moreover, Defendant's infringement and attempt to trade on Plaintiff's goodwill did not stop there. In May 2021, Defendant promoted its tequila as a virtual product that could be purchased on the mobile app game of Kendall Jenner's sister: Kim Kardashian Hollywood. However, the image that Defendant used in the app was of a bottle of Plaintiff's 512 tequila. Plaintiff did not authorize this use in any way. Either Defendant intentionally used Plaintiff's bottle, hoping to further blur the lines between the two products, or Defendant was itself confused about the difference between the two brands. Either way, the incident further shows how

1  invidious Defendant's infringement is, and that it must be stopped. When Plaintiff
2  contacted Defendant about this, Defendant changed the branding on the bottles in
3  the app to a green circular branding very different from the yellow rectangle
4  branding that Defendant uses on its actual bottles. There is no reason Defendant
5  could not – and should not – similarly change the branding of its actual bottles.

6  7.  Defendant's infringing branding has already caused actual confusion in
7  the marketplace, with consumers thinking Defendant's brand is related to Plaintiff's.
8  Defendant is not entitled to confuse consumers in this way, or to steal sales from
9  Plaintiff through its deception, or to cause the public to take the substantial ill-will
10 reportedly generated by Defendant's cultural insensitivity and gaffes and transfer it
11 to Plaintiff, thereby tarring Plaintiff with a non-existent, but perceived, relationship
12 to the 818 brand. If Defendant wants to shoot itself in the foot with its own
13 positioning and marketing – and higher price and reduced distillation -- that is up to
14 them, but they cannot be allowed to drag Plaintiff down with them.

15 8.  Defendant's copying and infringement of Plaintiff's distinctive and
16 valuable marks on competing goods and services is likely to confuse consumers, and
17 will continue to be likely to confuse consumers, and violates the Lanham Act, 15
18 U.S.C. §§ 1051 through 1127, California Business & Professions Code §§ 17200, et
19 seq., and common law. Defendant's infringement has injured, and will continue to
20 injure, Plaintiff and its 512 brand. Accordingly, Plaintiff seeks injunctive and
21 monetary relief to stop, and to the extent possible remedy, Defendant's unlawful and
22 unethical conduct.

23 ## PARTIES

24 9.  Plaintiff ClipBandits, LLC is a Texas limited liability company with a
25 principal place of business at 2715 S. 1st St., Austin, TX 78704. Plaintiff has sold
26 tequila and related products under the brand 512, using a distinctive yellow vertical
27

COMPLAINT

rectangle trade dress, continuously and exclusively (with the exception of Defendant's recently introduced infringing products) since 2015.

10. On information and belief, defendant K & Soda, LLC dba 818 Spirits is a Delaware limited liability company with a principal place of business at 6607 Lindenhurst Avenue, Los Angeles, CA 90048. On information and belief, defendant K & Soda, LLC dba 818 Spirits began using in commerce the 818 mark and its confusingly similar product appearance (collectively, the "Infringing Marks") in or about May 2021.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this dispute pursuant to the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1337 & 1338, and also the Court's pendent and ancillary jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the state law claims, which are so related to the other claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12. This Court has personal jurisdiction over Defendant because Defendant has been and is offering products using the Infringing Marks in competition with Plaintiff's products, in the wrongful manners that Plaintiff complains of, within this judicial district and also over the Internet, which is accessible, wrongful, likely to cause confusion, and harmful in this district.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district, and because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## ADDITIONAL FACTS COMMON TO ALL COUNTS

14. Plaintiff owns a United States Trademark Registration for the word mark 512, directed to, among other things: "Tequila; Distilled Spirits; Spirits" (Reg. No. 4280076; Exh. A to this Complaint). Plaintiff also has pending an application

for a United States Trademark Registration in a design mark including the number 512 and the word Tequila inside a vertical yellow rectangle, directed to, among other things: "Alcoholic beverages, namely, tequila; Liquor; Spirits; Distilled spirits; Distilled agave liquor" (Ser. No. 90810263; Exh. B to this Complaint). Plaintiff also owns common law rights in the above-described marks, and subsets thereof. Collectively, these marks and rights constitute the "512 Marks."

15. Plaintiff markets and distributes tequila within the United States, under the 512 Marks. As a result of Plaintiff's substantial expenditures and efforts, the 512 Marks have come to signify the nature and high quality of the goods and services offered by Plaintiff, and have acquired distinction, reputation, and goodwill belonging exclusively to Plaintiff. The 512 Marks have been in continuous and exclusive (except for Defendant's recent infringing use) use as trademarks in commerce, by Plaintiff and/or its predecessor in interest in the 512 Marks, since at least 2012.

16. Defendant, without Plaintiff's authorization, has begun selling tequila using the Infringing Marks. On information and belief, Defendant's use of the Infringing Marks started years after Plaintiff's use of the 512 Marks.

17. The Infringing Marks as used by Defendant are deceptively and confusingly similar to Plaintiff's 512 Marks.

18. On information and belief, the goods and services with which Defendant uses the Infringing Marks are primarily of the same nature as the goods and services with which Plaintiff uses its 512 Marks.

19. On information and belief, the goods and services with which Defendant uses the Infringing Marks are marketed and sold in trade channels that overlap with those used by Plaintiff for goods and services with which Plaintiff uses its 512 Marks.

20. On information and belief, the goods and services with which Defendant uses the Infringing Marks are marketed and sold to classes of consumers that overlap with classes of consumers to which Plaintiff markets and sells goods and services with which Plaintiff uses its 512 Marks.

21. Defendant's wrongful acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods and services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff. Regardless of the quality of Defendant's products, such confusion puts Plaintiff's at the mercy of Defendant. Such loss of control is irreparable harm in itself.

22. Defendant's wrongful acts as alleged herein further, in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or origin of Defendant's goods and services.

23. Defendant's wrongful conduct as alleged herein has directly and proximately damaged Plaintiff, including as to its business relationships, goodwill, lost sales opportunities, diversion of market share, and lost revenue, and unless enjoined will continue to do so. Plaintiff has no adequate remedy at law.

## COUNT ONE
## (TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT)

24. Plaintiff repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

25. Defendant's unauthorized use in commerce of 818 within the Infringing Marks as alleged herein is a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered 512 word mark. Defendant's unauthorized use in commerce of

818 within the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct as alleged herein constitutes trademark infringement of Plaintiff's registered 512 word mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

26. Upon information and belief, Defendant has committed the wrongful and unlawful acts described herein with full knowledge of Plaintiff's prior rights in the 512 Word Mark, and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

27. Defendant's conduct as alleged herein has directly and proximately caused, and is directly and proximately causing, immediate and irreparable harm and injury to Plaintiff, including to its goodwill and reputation, and will continue to directly and proximately damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

## COUNT TWO

### (UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT)

28. Plaintiff repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

29. Defendant's unauthorized use in commerce of the Infringing Marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Upon information and belief, Defendant has committed the wrongful and unlawful acts described herein with full knowledge of Plaintiff's prior rights in its 512 Marks, and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

31. Defendant's conduct as alleged herein has directly and proximately caused, and is directly and proximately causing, immediate and irreparable harm and injury to Plaintiff, including to its goodwill and reputation, and will continue to directly and proximately damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

## COUNT THREE
### (TRADEMARK INFRINGEMENT UNDER COMMON LAW)

32. Plaintiff repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

33. By reason of Plaintiff's continuous and exclusive (but for Defendant's recent infringement) use of the 512 Marks, as well as the inherent and/or acquired distinctiveness of those trademark elements, consumers associate and recognize the

512 Marks as representing a single source or sponsor of Plaintiff's goods, and therefore the 512 Marks are protectable by Plaintiff at common law.

34. Defendant's unauthorized use of the Infringing Marks in connection with Defendant's goods and services is likely to cause confusion and has caused confusion as to the source, sponsorship, and/or affiliation of Defendant's goods and services, in that customers will be likely to associate and have associated such products as originating with Plaintiff, all to the detriment of Plaintiff.

35. Upon information and belief, Defendant has committed the wrongful and unlawful acts described herein with full knowledge of Plaintiff's prior rights in its 512 Marks, and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

36. By reason of Defendant's actions alleged herein, Plaintiff has directly and proximately suffered, and will continue to directly and proximately suffer, irreparable injury to its rights and substantial loss of goodwill and loss in the value of Plaintiff's 512 Marks, and other harm, unless and until Defendant is enjoined from continuing its wrongful acts. Plaintiff has no adequate remedy at law.

## COUNT FOUR
### (UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA LAW)

37. Plaintiff repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

38. Through its actions as alleged herein, Defendant has misappropriated Plaintiff's efforts and are trading on and otherwise exploiting the 512 Marks and Plaintiff's reputation to market Defendant's own goods and services under the deceptive and confusingly similar Infringing Marks. These actions are unlawful and/or fraudulent business acts and/or practices that have harmed and continue to harm Plaintiff, constituting unfair competition in violation of California Business and Professions Code § 17200, et seq.

39. By reason of Defendant's actions alleged herein, Plaintiff has directly and proximately suffered, and will continue to directly and proximately suffer, irreparable injury to its rights and substantial loss of goodwill and loss in the value of Plaintiff's 512 Marks, and other harm, unless and until Defendant is enjoined from continuing its wrongful acts. Plaintiff has no adequate remedy at law.

## COUNT FIVE
### (COMMON LAW UNFAIR COMPETITION)

40. Plaintiff repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

41. Through its actions as alleged herein, Defendant has misappropriated Plaintiff's efforts and are trading on and otherwise exploiting the 512 Marks and Plaintiff's reputation to market Defendant's own goods and services under the deceptive and confusingly similar Infringing Marks. These actions constitute unfair competition under California law.

42. As a direct and proximate result of Defendant's unfair competition as alleged herein, Defendant has been and will continue to be unjustly enriched and Plaintiff has been and will continue to be damaged. Unless enjoined from its wrongful conduct as alleged herein, Defendant will continue to profit from such wrongful conduct and continue to damage Plaintiff by such wrongful conduct. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Enter an order: (a) preliminarily and ultimately permanently enjoining Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them from using the Infringing Marks and/or otherwise infringing Plaintiff's 512 Marks; (b) requiring that all documents and things in the possession, custody, or control of any such enjoined person or

entity, including but not limited to products, packaging, Internet websites, advertising and promotional materials, sales and marketing plans, and the like, which infringe or otherwise violate Plaintiff's rights in its 512 Marks be timely delivered up to Plaintiff and/or otherwise destroyed, and (c) directing Defendant to file with this Court and serve on counsel for Plaintiffs, within 30 days after service of any injunction in this case (or within such extended period as the Court may direct), a report in writing under oath setting forth in detail the manner and form by which it has complied with such injunction.

    2.    Enter judgment on Counts One through Five and grant monetary relief to Plaintiff, including actual damages, Defendant's profits in conjunction with a full accounting of Defendant's profits from the wrongful and unlawful sales, and enhanced damages, in an amount to be determined at trial, together with pre-judgment interest, post-judgment interest, costs, and the above-referenced injunctive relief;

    3.    Find this case exceptional and award attorneys' fees to Plaintiff under the Lanham Act or as otherwise provided by law; and

    4.    Grant such other and further relief as the Court deems just.

DATED: February 16, 2022        VALLE MAKOFF LLP

                                        By: /s/ Jeffrey B. Valle
                                              Jeffrey B. Valle
                                              Attorneys for Plaintiff
                                              ClipBandits, LLC

## JURY DEMAND

Plaintiff demands a jury trial in this matter as to all matters triable by a jury.

DATED: February 16, 2022                VALLE MAKOFF LLP


By:  /s/ Jeffrey B. Valle
    Jeffrey B. Valle
    Attorneys for Plaintiff
    ClipBandits, LLC